BARROW and others, assignees of PRIOR, *against*
J. RHINELANDER.

*November*, 17. A decretal order of reference to a master to state the account between the
parties, was made in *September*, 1815, and the parties appeared, from time
to time, before the master, until the 16th of *October*, 1817, when they were
nearly ready for a final hearing before him; and then the defendant present-
ed an appeal from the decretal order, dated the 16th of *October*, 1817. On
petition and motion of the plaintiff, the court ordered the master to proceed
in taking the account, and to complete and file his report, notwithstanding
the appeal.

THE petition of the plaintiffs stated, that this suit had
long been pending, and that on the 29th of *September*, 1815,
the court decreed, (vol. 1. p. 550.) that the accounts be-
tween the plaintiff and the bankrupt, on the one part, and
the defendant, on the other, should be opened from the
29th of *November*, 1790, and that it should be referred to a
master to state the said accounts, according to certain
principles and directions in the decree mentioned. That
in pursuance of such decretal order, *James A. Hamilton*,
one of the masters of the court, proceeded in taking, and
stating the accounts. That the accounts were extensive,
and somewhat complicated, involving many large sums of
money, and some questions of considerable difficulty, but
that owing to concessions and admissions, almost all the
matters of any considerable moment, in number or amount,
were disposed of, and settled by the solicitors on each side.

That such admissions were reduced to writing, and signed by the respective solicitors, and filed with the master the 1st of *May* last. That a small number of notes, bonds, &c. brought in question, were left to the decision of the master, and all the matters remaining in dispute were reduced to certain specific points. That the plaintiffs were thereupon prepared for a final hearing before the master, on the matters not disposed of as aforesaid. That various meetings of the parties were had, when, on the 1st of *September* last, at a meeting of the parties before the master, and when the plaintiffs were ready to go to a final hearing, the defendant prayed for further time to take testimony, and the defendant's counsel then appointed, and agreed on the 23d of *September* last, as the time when all the testimony should be taken and closed, and that they then would be ready to go to a final hearing before the master, and the respective solicitors subscribed a *memorandum* to that effect, on the minutes kept by the master. That on the 23d of *September*, the counsel for the plaintiffs appeared, and the final hearing was adjourned to the 1st of *October*, when the parties met, and on the representations of the defendant's solicitor and counsel, it was finally agreed that further time be allowed the defendant and his counsel, until the 16th of *October*, that time being named at the instance of the solicitor and counsel for the defendant, as sufficiently remote for a full preparation by them. That on the 16th of *October*, the parties again met before the master, and application was again made on the part of the defendant, for an indefinite postponement of the final hearing, but the master denied the motion, and ordered on the argument, when the solicitor for the defendant, tendered an appeal from the decretal order of the 29th of *September*, 1815, to the court for the trial of impeachments and correction of errors, which appeal was dated the said 16th of *October*. That from a full and perfect view of the accounts, so far as the same have been agreed to

or admitted, there will be due the plaintiffs, if stated up to the present time, 20,000 dollars, and upwards, exclusive of all sums in controversy, and of the notes, bonds, and securities still undetermined. Prayer, that the plaintiffs may be permitted to proceed in the taking and stating their said account before the master, and that the defendant may be ordered, on the completion thereof, to bring into court, within a reasonable time, the sum which may be found due, or that he may be compelled, within a reasonable time, to give security for what may ultimately be adjudged due to him.

This petition was sworn to by one of the plaintiffs.

There was a special report of the master annexed to the petition, stating the material facts set forth in the petition, in respect to the progress of the cause before him.

*H. Bleecker*, for the petition.

*J. V. Henry*, contra. He read an affidavit of the defendant, stating that his answer was filed on the 29th of *June*, 1805. That on the 6th of *June*, 1814, an order for publication was entered. That by an agreement before the hearing, the plaintiffs abandoned all claim for the defendant's not collecting the moneys due on the securities for money, except as to those in the agreement mentioned, and that the defendant was not to be charged with moneys on securities, the payer of which was insolvent on the 4th of *July*, 1801. That in the course of the proceedings before the master, the plaintiffs, by agreement, abandoned the said claim. That the securities which the plaintiffs still insist the defendant ought to be charged with, amount to 11,449 dollars, 10 cents, besides interest, though the defendant has never received any money whatever thereon. That he has several material witnesses whose testimony he has not been able to procure, for want of time, though he has been busily employed for the purpose; that

his witnesses reside in different states. That he is wil-
ling to proceed in the reference, notwithstanding the ap-
peal, provided he be permitted to complete the examina-
tion of his witnesses.

THE CHANCELLOR. This case presents as strong an in-
stance of the abuse of the right of appeal, as can well be
imagined. It would seem, from the offer contained in the
latter part of the defendant's affidavit, that the appeal was
interposed merely for delay, and because the defendant
was not indulged in a further and unlimited time to pro-
cure his testimony. After a long and tedious discussion
before the master, and when the cause was ready for a final
hearing before him, the defendant interposed his appeal.
The defendant was led to appeal from the decretal order
for a reference, because the master refused a further ad-
journment. If the master had acted improperly, the de-
fendant would have had relief, on application to this court,
on the coming in of the report. If the defendant was dis-
satisfied with the original decretal order, he ought to have
appealed at the time, and not lain by, and suffered all this
intermediate delay, trouble, and expense. If the appeal
was to operate as a suspension of further proceedings be-
fore the master, and the master should happen to die, or
be out of office, before the cause could be heard and de-
cided in the court of errors, all that had been done before
him would be lost. A cause might thus be protracted
through whole generations, and until the patience and the
resources of suitors had become exhausted. We may ap-
ply to this case the observations of *Montesquieu. On en voit
la correction ; mais on voit encore les abus de la correction
meme.*

I cannot order that the defendant give security for the
amount that may be due, because, until the master's re-
port has been received and confirmed, I have nothing by
which to guide my judgment. It will be sufficient, at pre-

sent to grant so much of the motion as to allow the master to proceed and finish his report, notwithstanding the appeal. After the report is made, brought into court, and confirmed, it will be in season for the plaintiffs to make further application for leave to proceed, if they can then show a necessity for it.

Order accordingly, that the master proceed in the reference to the completion and filing of his report.(*a*.)

---

(*a*.) Vide *Messonier* v. *Kauman*, ante, p. 66.